```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
```

AHTWANA MARIE SMITH,

                Plaintiff,

        -against-

LAKUAN EBANKS, KAREEM EBANKS, NATASHA BLANFORD, MICHELLE SMALLS, MENDEECEE HARRIS, DAMON DASH, ROBERT WILLIAMS, ONIKA MARAJ, SEAN COMBS, ROC NATION LLC, and REFORM ALLIANCE,

                Defendants.

**MEMORANDUM & ORDER**
22-cv-6193(EK)(LB)

```
----------------------------------------x
```
ERIC KOMITEE, United States District Judge:

      Ahtwana Smith filed this suit against eleven individuals and two private entities, Roc Nation LLC and Reform Alliance. She has since amended her form complaint three times. Proceeding *pro se*, she asserts claims under 42 U.S.C. § 1983 for violations of her First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, allegedly stemming from cyberstalking and harassment. She also asserts a claim for human trafficking and state law tort claims including defamation, slander, intentional infliction of emotional distress, and negligence.

      The two entity defendants have moved to dismiss her claims against them for lack of jurisdiction and failure to state a claim. For the reasons that follow, the motions to

dismiss for failure to state a claim are granted.  In addition, Smith's remaining claims are dismissed *sua sponte*.

## I.   Background

### A.   Factual Allegations

Despite having been amended several times, the complaint remains largely devoid of specifics concerning who — that is, which defendant — did what, let alone when or how.  The complaint is similarly opaque as to which claims are being asserted against which defendants.

Smith does allege that "Damon Dash and Michelle Smalls have been stalking me for almost a decade."  Third Amended Complaint ("TAC"), ECF No. 70, at 8.[1]  She writes that a non-party, Carlton Roper, enlisted the "help of Robert Williams and his music and social media" to make "cyberthreats."  *Id.*  "Roper came up with the idea to compare me to 2pac [Shakur, presumably]" and two other individuals, as well as "anyone else he can come up with while cyberstalking me and everyone else on my social media friends' post."  *Id.*

Smith asserts that defendant Williams — known professionally as Meek Mill — "sexual abuse [sic] me through his lyrics" "on his 2018 Championships album," *id.* at 12, though no specific lyrics are recited in the complaint.  Lakuan Ebanks

---

[1] Citations to the complaint refer to ECF pagination rather than the complaint's native page numbers.

2

stalked her family "due to a termination of pregnancy I received upsetting him." *Id.* at 11.  Kareem Ebanks is alleged to be "a sex predator and human trafficker" who "threatened . . . that he would post pictures of me that he obtained without my consent"; he also "conspired with" defendant Harris and others "to kill me" at the behest of "Roper and Damon Dash."  *Id.*  Smith alleges that she has been subject to "constant assassination attempts."  *Id.* at 10.  The complaint also alleges that Smith's nephew, Tamel Dixon, was "lured to California in February of 2019" by Williams, Dash, and others, resulting (in ways left unexplained) in Dixon's death in October 2019.  *Id.* at 12.

The complaint refers to the entity defendants only sparingly.  "Meek Mill [is] a Roc Nation artist" and also the "chairman of Reform Alliance."  *Id.*  Apart from that, the TAC does not explicitly attribute any specific conduct to Roc Nation, Reform Alliance, or their agents.

Smith checked a box on the form complaint indicating that she is "bringing suit against" certain "state or local officials," *id.* at 7, but she does not say who they are.  The entity defendants are said to be "corporation[s] act[ing] under color of state law by contracting to perform a government function."  *Id.*  But the TAC makes no allegation about what that government function is.

3

Smith alleges that as a result of the defendants' actions, she has suffered from "severe mental anguish, severe emotional distress," and "constant breakouts" on her skin.  *Id.* at 10.  She refers to the "labor trafficking of my son" and the "numerous attempts to take the life of family members."  She requests $350 million in damages.  *Id.*

**B.   Selected Procedural History**

Although this case has been pending since October 2022, Smith has not filed proof that she served process on four of the individual defendants: Michelle Smalls, ECF No. 50 (summons returned unexecuted), Mendeecee Harris, ECF No. 54 (incomplete proof of service), Onika Maraj, ECF No. 49 (summons returned unexecuted), and Sean Combs. ECF No. 52 (incomplete proof of service).

The court has permitted Smith to amend her complaint three times, most recently to add factual content supporting her claims following a pre-motion conference on the defendants' motions to dismiss.  ECF Nos. 12, 20, 70.  Read liberally, the operative complaint alleges claims under Section 1983; federal human trafficking claims pursuant to 18 U.S.C. § 1595; and various state-law tort claims against all defendants.

**II.   Legal Standard**

On a motion to dismiss, "the court's task is to assess the legal feasibility of the complaint."  *Lynch v. City of New*

4

*York*, 952 F.3d 67, 75 (2d Cir. 2020).  In so doing, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor."  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).  *Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Thus, to survive a motion to dismiss, the complaint must plead sufficient "facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III. Discussion

None of Smith's Section 1983 claims are viable. Among other shortcomings, she does not allege that any defendant is a state actor. Her remaining federal and state claims lack an arguable basis in law or fact, either because they are not legally cognizable claims or because she fails to plead adequate facts in support.

**A.  Section 1983 Claims**

The complaint appears to assert claims under Section 1983 against all defendants. TAC at 7, 12.[2] But it fails to state a Section 1983 claim upon which relief may be granted.

---

[2] Defendants Reform Alliance and Roc Nation LLC have moved to dismiss the claims against them for lack of subject matter jurisdiction. But the court has federal question jurisdiction over Smith's claims pursuant to Section 1983, regardless of whether they adequately allege state action and other required elements. TAC at 7; 28 U.S.C. § 1331; *see Chan Ah Wah v. HSBS Bank PLC*, No. 13-CV-4789 (JPO), 2014 WL 2453304, at *2 (S.D.N.Y. June 2, 2014) ("Federal courts retain jurisdiction to dismiss cases even when the federal claims in those cases are not plausibly pleaded.").

Smith makes no non-frivolous, non-conclusory allegations that any defendant is a state actor. Private individuals and entities are not generally amenable to suit under Section 1983, which provides a remedy for violations of constitutional rights by state actors. *See, e.g.*, *Am. Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (noting the Court's "repeated insistence" in Section 1983 cases that "the party charged with the deprivation must be a person who may fairly be said to be a state actor").[3]

In relatively rare circumstances, actions by private individuals or entities may give rise to liability under Section 1983. "Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with governmental character that it can be regarded as governmental action." *Rendell-Baker v. Kohn*, 457 U.S. 830, 847 (1982). Here, however, the complaint includes only the bare recitation that "when a corporation acts under color of state law by contracting to perform a government function they are treated as a government entity." TAC at 12. Smith has therefore failed to adequately allege any claims under Section 1983.

**B.   Human and Labor Trafficking Claims**

Smith also alleges a claim for "human trafficking labor trafficking." TAC at 12. I construe this (generously in

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

7

light of the plaintiff's *pro se* status) as brought pursuant to 18 U.S.C. § 1595. That statute sets out the civil liability provision of the Trafficking Victims Protection Reauthorization Act of 2008. *See Walia v. Veritas Healthcare Solutions, L.L.C.*, No. 13-CV-6935, 2015 WL 4743542, at *3 (S.D.N.Y. Aug. 11, 2015) (construing *pro se* claims for human trafficking as claims under the TVPRA).[4] Such claims must allege that the defendant "knowingly benefit, financially or by receiving anything of value," from participating in a trafficking venture. 18 U.S.C. § 1595(a); *S.J. V. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 152-53 (E.D.N.Y. 2020).

Here, the complaint does not adequately allege the existence of a trafficking venture, nor any facts suggesting the defendants benefited from one. Smith alleges that her nephew was "lured to California in February of 2019" but fails to explain how or for what trafficking-related purpose. TAC at 12.

**C. State Law Claims**

Smith's complaint alleges the following claims under state law: "vicarious liability," "recklessness," intentional infliction of emotional distress," "intimidation," "cyber stalking," "defamation of character," and "slander." TAC at 12.

---

[4] Civil liability under this statute was created by the TVPRA. *See Velez v. Sanchez*, 693 F.3d 308, 324 (2d Cir. 2012). Although Smith "did not raise claims under the TVPRA in [her] amended complaint, the failure in a complaint to cite a statute, or cite the correct one, in no way affects the merits of a claim, because factual allegations alone are what matters." *Id.*

8

Several of these claims are not legally cognizable causes of action. Vicarious liability "is not a separate cause of action." *Zalt v. Wells Fargo Home Mortg.*, No. 8-CV-11225, 2010 WL 3026536, at *2 n.7 (S.D.N.Y. Aug. 2, 2010) (citing *Brothers v. New York State Elec. & Gas Corp.*, 11 N.Y.3d 251, 257-58 (2008)). Neither federal nor New York law recognizes a private cause of action for stalking. *Cain v. Christine Valmy Int'l Sch. Of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, (S.D.N.Y. 2016); *Di Pompo v. Ruggiero*, No. 17-CV-8077, 2018 WL 5045339, at *4 (S.D.N.Y. Oct. 17, 2018). And the court is unaware of a standalone common law or statutory cause of action for "intimidation" or "recklessness" under New York or federal law.

Smith's three remaining claims are for defamation, slander, and intentional infliction of emotional distress. Under New York law, the elements of oral defamation (i.e. slander) are: "(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) of and concerning the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege." *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 528 (2d Cir. 2018). Written defamation (i.e. libel) requires the same elements, but as to a "written defamatory

9

statement of fact." *Celle v. Filipino Report Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000). "A defamation claim is only sufficient if it adequately identifies the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated." *Thai v. Cayre Group, Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010).

Smith's complaint does not adequately identify a defamatory statement. She alleges that "Michelle Smalls thought it [would] be a good look for her to take chapters out of my life to use for her book," but does not explain what Smalls wrote, why it was false, or how it harmed her. TAC at 8. She alleges that "Carlton Roper came up with the idea to compare me to 2PAC, Reika Carter, Kevin Chiles," and others, but Roper is not a defendant to this action. *Id*. And she alleges that Natasha Blanford and Kareem Ebanks "sent me a lot of Instagram comments" and "defamed my name to my church." *Id*. at 13. But again, the complaint fails to recite an actual statement made on Instagram or to her church, or to explain how Smith was harmed as a result of it. Accordingly, Smith has failed to state a claim for defamation, slander, or libel.

Smith has also failed to state a claim for intentional infliction of emotional distress. To state such a claim in New York, a plaintiff must allege "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a

10

causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46, 56 (2016) (holding that filming and broadcasting the last moments of the plaintiffs' family member's life did not "rise to the level necessary to satisfy the outrageousness element"). Here, Smith has not adequately alleged non-frivolous and non-conclusory facts suggesting extreme and outrageous conduct.

D. **Leave to amend**

Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint to cure its deficiencies. *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Leave to amend may be denied where, as is the case here, the plaintiff has already been given the opportunity (or multiple opportunities) to amend, but has failed to cure the complaint's deficiencies. *See Salahuddin v.*

11

*Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Leave to amend is therefore denied.[5]

### Conclusion

Roc Nation and Reform Alliance's motions to dismiss are granted, and all remaining claims are dismissed *sua sponte*. All such dismissals are with prejudice.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

       /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   March 22, 2024
        Brooklyn, New York

---

[5] Furthermore, this plaintiff has a history of filing frivolous suits against celebrities and public figures.  Judge Engelmayer of the Southern District of New York dismissed her substantially similar complaint in *Smith v. Harris, et al.*, for lack of subject matter jurisdiction, finding that the complaint failed to plead the parties' domiciles or a federal question.  No. 21-CV-571, ECF No. 8 (Oct. 6, 2021).

12